**The document below is signed.**

**Dated: September 21, 2011.**



_____
**S. Martin Teel, Jr.
U.S. Bankruptcy Judge**

```
            UNITED STATES BANKRUPTCY COURT
             FOR THE DISTRICT OF COLUMBIA

In re                          )
                               )
RONALD KEMP,                   )     Case No. 09-00907
                               )     (Chapter 7)
          Debtor.              )
```

MEMORANDUM DECISION RE OBJECTION
TO DEBTOR'S EXEMPTION OF BANK ACCOUNT

William Douglas White, the trustee in this case under chapter 7 of the Bankruptcy Code (11 U.S.C.), has objected to the debtor's exemption pursuant to D.C. Code § 15-501(a)(7) of $13,856.00 in a bank checking account. The trustee further requests turnover of the account.

I

The debtor argues that the funds are proceeds of a pension and are thus exempt under § 15-501(a)(7)(E). That argument must be rejected.

With an exception of no relevance here, § 15-501(a)(7) provides, in relevant part, an exemption for:

> **the debtor's right to receive**:
> *   *   *
>     (E) **a payment under a . . . pension . . . plan . . .**
>     on account of illness, disability, death, age, or length

>of service, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor[.]

[Emphasis added.] The identical language appears in 11 U.S.C. § 522(d)(10), and there is no reason to think that the District of Columbia, in adopting the language of § 15-501(a)(7) in 2000, intended that D.C. Code § 15-501(a)(7) would be interpreted differently than the federal counterpart. The District of Columbia courts consider decisions construing a federal statute to be persuasive in construing an identical District of Columbia statute that borrowed from the federal statute. *Grant v. May Dept. Stores Co.*, 786 A.2d 580 (D.C. 2001); *Howard Univ. v. Green*, 652 A.2d 41, 45 (D.C. 1994); *Arthur Young & Co. v. Sutherland*, 631 A.2d 354, 367-68 (D.C. 1993).

Based on the seminal decision of *In re Cesare*, 170 B.R. 37, 39 (Bankr. D. Conn. 1994), the plain language of § 522(d)(10) and the contrasting language of 11 U.S.C. § 522(d)(11) (permitting exemption of "property that is traceable to" certain assets), dictate that only a debtor's *right to receive* a benefit to which § 522(d)(10) applies, and not benefits already received prepetition, can be claimed exempt under § 522(d)(10). *Accord*, *In re* Gonsalves, 2010 WL 5342084. at *7 (Bankr. D. Mass. Dec. 21, 2010); *In re Schena*, 439 B.R. 776, 781-82 (Bankr. D.N.M. 2010); *In re McCollum*, 287 B.R. 750, 753 (Bankr. E.D. Mo. 2002); *In re Michael*, 262 B.R. 296, 298 (Bankr. M.D. Pa. 2001); *In re Panza*, 219 B.R. 95, 97 (Bankr. W.D. Pa. 1998); *In re Moore*, 214 B.R.

628, 631 (Bankr. D. Kan. 1997); *In re Williams*, 181 B.R. 298, 301 (Bankr. W.D. Mich. 1995).

The legislature's intention can be inferred from the statute itself. The exempting of the right to receive payments from a pension under § 522(d)(10)(E) serves as a substitute for future wages, and permits a debtor to look to that future income stream to meet reasonably necessary living expenses. Section 522(d)(10) was not intended to permit a debtor to exempt funds he received prepetition and found unnecessary to use to meet living expenses.[1] The exemption of whatever assets the debtor has accumulated from pension withdrawals prepetition ought to be governed instead by the exemptions applicable to such assets. *See In re Panza*, 219 B.R. at 98 (if household goods traceable to a right to receive benefit payments were exemptible, that could result in the debtor's exempting household goods in excess of the aggregate amount of household goods exemptible under 11 U.S.C. § 522(d)(3)). *Cf. In re Mordkin*, 2011 WL 2083962, at *3 (Bankr. D.D.C. May 26, 2011) (if a judgment debtor were to receive wages that had *not* been garnished, and were to deposit them into a bank account, nothing in the statute governing the amount the debtor

---

[1] In cases in which other parts of § 522(d)(10) are ambiguous, courts have looked to the legislative history which indicates that § 522(d)(10) permits exemption of benefits that are "akin to future earnings of the debtor." *See In re Chiz*, 142 B.R. 592, 593 (Bankr. D. Mass. 1992) (quoting legislative history).

3

would have been entitled to receive if the wages *had* been garnished would make the wages exempt in the debtor's hands).

Here, D.C. Code § 15-501(a)(7) should be interpreted in a similar fashion. First, it uses the same plain language ("the debtor's right to receive") as 11 U.S.C. § 522(d)(10). Second, D.C. Code § 15-501(a)(11), a companion provision to § 15-501(a)(7), provides--as does § 522(d)(10)'s companion provision, 11 U.S.C. § 522(d)(11)--an exemption of "property traceable to" certain assets.[2] Finally, the District of Columbia's rules of statutory construction would lead to the same result.

With respect to District of Columbia rules of statutory construction, the court in *Boyle v. Giral*, 820 A.2d 561, 568 (D.C. 2003), illustratively stated:

> We look to the plain meaning of the statute first, construing words according to their ordinary meaning. *See J. Parreco & Son v. Rental Hous. Comm'n*, 567 A.2d 43, 45 (D.C. 1989). "The literal words of [a] statute, however, 'are not the sole index to legislative intent,' but rather, are 'to be read in the light of the statute taken as a whole, and are to be given a sensible construction and one that would not work an obvious

---

[2] Moreover, D.C.Code § 31–4716 exempts an insurance policy in favor of certain beneficiaries other than the debtor from the reach of creditors by providing that the beneficiaries "shall be entitled to its **proceeds and avails** against the creditors and representatives of the insured . . . ." (Emphasis added.) This suffices to permit exemption of the proceeds of the policy from a decedent's estate. *Kindleberger v. Lincoln Nat'l Bank*, 155 F.2d 281, 285 (D.C. Cir. 1946), *cert. denied*, 329 U.S. 803 (1947). The drafters of District of Columbia statutes know how to specify proceeds when they intend that an exemption extend to proceeds.

4

> injustice." *District of Columbia v. Gallagher*, 734 A.2d 1087, 1091 (D.C. 1999) (quoting *Metzler v. Edwards*, 53 A.2d 42, 44 (D.C. 1947) (footnotes omitted)). Furthermore, "'if divers statutes relate to the same thing, they ought to be taken into consideration in construing any one of them . . . .'" *Luck v. District of Columbia*, 617 A.2d 509, 514 (D.C. 1992) (quoting *United States v. Freeman*, 44 U.S. (3 How.) 556, 564-65, 11 L.Ed. 724 (other citations omitted)). If related statutes conflict, we must reconcile them. *See Gonzalez v. United States*, 498 A.2d 1172, 1174 (D.C. 1985).

Again, the "right to receive" language plainly does not include proceeds already received prepetition, and taking the statute as a whole that is a correct interpretation in light of the legislature's using the language "property traceable to" in § 15-501(a)(11) with respect to a different exemption. Moreover, this interpretation does not work an obvious injustice, as it results in a District of Columbia debtor who invokes § 15-501(a)(7) having the same exemption rights as a debtor who invokes 11 U.S.C. § 522(d)(10), and as it is consistent with the legislature's likely intention, as in the case of § 522(d)(10)(E), to exempt certain benefits that are akin to future earnings of the debtor.[3]

---

[3] It may be appropriate in some instances to consult a District of Columbia statute's legislative history in interpreting that statute, compare *District of Columbia v. Place*, 892 A.2d 1108, 1111 (D.C. 2006), with *District of Columbia v. American University*, 2 A.3d 175, 186 (D.C. 2010); *Beaner v. United States*, 845 A.2d 525, 534 (D.C. 2004) ("[I]f it is clear and unambiguous and will not produce an absurd result, [the court] will look no further."). Here, however, there is no legislative history to § 15-501(a)(7) that would alter the interpretation set forth above even if it is appropriate to consult such legislative history.

5

Two old decisions, *In re Donaghy*, 11 B.R. 677, 680 (Bankr. S.D.N.Y. 1981), and *In re Johnson*, 36 B.R. 54, 56 (Bankr. D.N.M. 1984), held that a court may use equitable considerations to allow a debtor to exempt under § 522(d)(10) proceeds received prepetition pursuant to a benefit covered by § 522(d)(10). As observed by *In re Schena*, 439 B.R. at 783, and *In re McCollum*, 287 B.R. at 755, those decisions are inconsistent with the holding of the later decision of *Norwest Bank Worthington v. Ahlers*, 485 U.S. 197, 207 (1988), that a court's equitable powers under 11 U.S.C. § 105 can not be used to override a specific Code provision (or, in this case, to alter the plain meaning of the District of Columbia exemption statute).

The debtor cites *In re Ladd*, 258 B.R. 824 (Bankr. N.D. Fl. 2001), as supporting his position, but *In re Ladd* involved a Florida statute that differed from § 522(d)(10). The Florida statute contained the phrases "money payable" and "interest in," and had been interpreted by Florida courts as thus extending to proceeds of a 401(k) account. *See Wolff v. Gibson (In re Gibson)*, 300 B.R. 866, 870 (Bankr. D. Md. 2003) (discussing *In re Ladd* as involving a statute similar to the Maryland exemption statute there at issue, and distinguishing a decision interpreting § 522(d)(10) as inapposite); *see also In re Cesare*, 170 B.R. at 40 (distinguishing *In re Woods*, 59 B.R. 221, 225 (Bankr. W.D. Wis. 1986), as interpreting a state exemption

statute that was significantly broader than § 522(d)(10)). Accordingly, *In re Ladd* provides no reason to stray from the plain language of § 522(d)(10).

For all of these reasons, I will sustain the trustee's objection to the exemption at issue.

II

The trustee seeks turnover of $13,109, the $13,856 amount of the account less the $747 remainder of the debtor's $850 in exemptions under D.C. Code § 15-501(a)(3).[4] The debtor responds that "[t]he majority of funds on deposit on the date of the filing of the petition were thereafter used to keep mortgages current." The trustee is entitled to turnover of the funds that remain on hand in the account, or that came from the account, and is entitled to a judgment to the extent that such sum falls short of $13,109.

A judgment follows ordering turnover of $13,109 of:

(1) the funds in the bank account, and

(2) any funds that derived from the bank account

within 14 days after entry of the judgment, and granting a monetary judgment for $13,109, with amounts turned over pursuant

---

[4] The debtor already exempted a second bank account of $103, leaving only $747 exemptible under § 15-501(a)(3). The trustee has not requested the turnover of interest, if any, that has been earned on the $13,109.

7

to the turnover directive within 14 days after entry of the judgment to be treated as a credit towards the monetary judgment as of the date of the judgment's entry, and each other amount received to be treated as a credit towards the monetary judgment as of the date of receipt.  The trustee may pursue a failure timely to comply with the turnover directive as a contempt of court.  The judgment will not preclude the trustee's pursuing other remedies regarding the debtor's unauthorized use of the non-exempt estate funds (including, for example, if appropriate, seeking a revocation of the debtor's discharge or seeking contempt sanctions for violation of the automatic stay), and will not preclude his pursuing proceeds of the debtor's use of non-exempt funds or rights of subrogation arising from such use.

[Signed and dated above.]

Copies to: Debtor; recipients of e-notification.